

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 15, 1967

Honorable R. A. Richardson
District Attorney
88th Judicial District
Kountze, Texas

Opinion No. M-27

Re: Under proper circumstances,
may a defendant who received
a five year suspended sen-
tence before the new Code
of Criminal Procedure came
into effect, come within
Section 7 of Article 42.12
of the new Code, and have
his suspended sentence re-
duced or terminated by the
court, after having satis-
factorily completed the
period set out by such

Dear Mr. Richardson:
Article?

You have requested an opinion from this office on the
following question:

"Under proper circumstances, may a defend-
ant, who received a five year suspended sentence
before the new Code of Criminal Procedure became
effective January 1, 1966, be subject to having
his suspended sentence reduced or terminated by
the court after having satisfactorily completed
the term or period provided in Section 7, Article
42.12, Code of Criminal Procedure."

The law in effect at the time the suspended sentence
was given, Article 776a, Vernon's /old/ Code of Criminal Procedure,
provided for the defendant, under certain conditions, to request
a suspended sentence, and granted the court the right and power
to suspend sentence of the defendant during his good behavior.

Article 780, Vernon's /old/ Code of Criminal Procedure
provided:

- 113 -

"In any case of suspended sentence, at any time after the expiration of the time assessed as punishment by the jury, the defendant may make his written sworn motion for a new trial and dismissal of such case, stating therein that since such former trial and conviction he has not been convicted of any felony, which motion shall be heard by the court during the first term time after same is filed. If it appears to the court, upon such hearing, that the defendant has not been convicted of any other felony, the court shall enter an order reciting the fact, and shall grant the defendant a new trial and shall then dismiss said cause. After the setting aside and dismissal of any judgment of conviction as herein provided for, the fact of such conviction shall not be shown or inquired into for any purpose except in cases where the defendant has been again indicted for a felony and invokes the benefit of this law."

The present Code of Criminal Procedure repealed the application of Article 776a and 780 to judgments entered after its adoption. Such repeal, however, does not affect the provisions of Article 780 granting defendants a new trial and dismissal of the cause in cases where the judgment was entered prior to its repeal; to hold otherwise would violate the constitutional provision which prohibits the passage of retroactive laws which takes away or impairs vested rights acquired under existing laws. Article I, Section 16, Texas Constitution.

In the case of Ex Parte Pittman, 248 S.W.2d 159, (Tex. Crim. 1952) construing Article 776a, the old suspended sentence law, and its relation to the Adult Probation Law, the court held that the two laws cannot be merged but they were two separate and independent acts.

The Legislature in 1965 in enacting the new Code of Criminal Procedure included therein Article 42.12, which is the new Adult Probation and Parole Law. Section 35, below quoted, reveals that it does not apply to the old suspended sentence law.

"Sec. 35. This Article shall not be deemed to alter or invalidate any probationary period fixed under statutes in force prior to the effective date of this Code or to limit the jurisdiction or power of a court to modify or terminate such probationary period. In other respects, persons placed on probation or parole prior to the effective date of this Code shall be amenable to the provisions of this Code insofar as it may be

made applicable to them. All other actions pertaining to probations and paroles granted prior to the effective date of this Code shall be regulated according to the law in force at the time the probation or parole was granted." (Emphasis added.)

It is the opinion of this office that an individual who has received a suspended sentence before January 1, 1966, is subject to having the same terminated under Article 780 of the old Code of Criminal Procedure in effect at the time of granting said suspended sentence, and the court has no authority under Section 7 of Article 42.12 /new7 Code of Criminal Procedure, to reduce said sentence imposed under the Suspended Sentence Law.

### S U M M A R Y

An individual who has received a suspended sentence under Article 776a, Vernon's old C.C.P., in force at that time, may not have his sentence reduced or terminated under Section 7 of Article 42.12 /new7 Code of Criminal Procedure.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Robert Owen
John Banks
Lonny Zwiener
Sam Kelley

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.